## KRAUSE v HENRY

Ohio Appeals, 3rd Dist, Defiance Co.

No. 107.   Decided Oct. 24, 1939

Jay R. Pollock, Defiance, for appellant.

H. B. Mullholand, Defiance; T. T. Shaw, Defiance, for appellee.

## OPINION

By CROW, PJ.

This cause was heard on a motion to dismiss the appeal the notice of which appeal recites that it "is on questions of law and fact." No bond has been given by appellant and the case is not a "chancery" one.

A similar case in all features excepting that a bill of exceptions had been filed in the trial court within the forty days limitation prescribed by §11564, GC, was before the Supreme Court of Ohio and is reported in 134 Oh St 321, where it is held that the appeal should not be dismissed but that it should stand as an appeal on questions of law especially in view of the provision in §11564, GC, which is held to be mandatory, that the court fix a time for preparation and settlement of a bill of exceptions if none has been filed.

The syllabus and reasoning of the opinion in its elucidation, makes it the duty of this court to ▮▮▮ overrule the motion to dismiss the appeal if not to order a bill of exceptions pursuant to the statutes twice above referred to.

We quote from the opinion at page 326 where it is said:

"We are forced to the conclusion that the only jurisdictional step in an appellate proceeding is the filing of notice of appeal. If that is complied with, even though no bond is filed, the appeal is not to be dismissed but it shall stand as an appeal on questions of law."

By the words of §12223-4, GC, the "appeal shall be deemed perfected when written notice shall be filed." The definition of "perfected" given by Webster's International Dictionary, Second Edition, is "Brought to a state of perfection; completed", and the language of §12223-6, GC, applicable to an appeal such as the one here is that "no appeal shall be effective as an appeal unless upon questions of law and fact" unless the judgment appealed from is superseded by a bond which is to be filed "at the time the notice of appeal is to be filed." The dictionary mentioned defines the word "effective" to mean when used as a law term, "in actual operation."

Plainly, "perfected" and "effective" are not employed in the pertinent statutes, in the same sense.

Under §12223-5, GC, the notice of an appeal need not "designate the type of hearing upon appeal", that is, it may omit any or all designation or it may recite one type or both types of hearing desired or mistakenly set forth the type of hearing appellant wishes; and "the notice of appeal may be amended by the appellate court", no limitation of amendment as to kind or time being prescribed.

The jurisdiction of the Court of Appeals to try cases on appeal on questions of law and fact is limited by Art. IV, Sec. 6, Ohio Constitution, to "chancery cases."

Sec. 11564, GC, provides that "Whenever an appeal is taken on questions of law and fact and the court of appeals determines that the case cannot be heard upon the facts and no bill of exceptions has been filed in the cause, the Court of Appeals shall fix the time not to exceed thirty days for the preparation and settlement of a bill of exceptions." Axiomatically, an appeal has been "taken" when it has been "perfected".

The statute is remedial and if ambiguous must be liberally ▮▮▮ interpreted to the end that appellant have one trial and one review of his case which it is the thoroughly established public policy of the state to vouchsafe every litigant.

The court having determined that the case cannot be heard upon the facts, not being a chancery one, the mandatory duty rests upon it to fix the time for the preparation and settlement of a bill of exceptions, which is the period of twenty days from the date of filing the journal entry so ordering.

Persuaded as we are that our former dicisions contrary to the present hold-

ing, were erroneous, the same are hereby overruled. Had there not been a bill of exceptions in the case at 134 Oh St 321, the syllabus would be unquestionably authoritative here and an opinion would not be filed herein.

KLINGER, J., concurs.

GUERNSEY, J., concurring in part and dissenting in part.

Guernsey, J., concurs in decision overruling motions to dismiss appeal but dissents to that part of the decision fixing the time for the preparation and settlement of a bill of exceptions for the following reasons:

The notice of appeal designates the appeal in this cause as an appeal on questions of law and fact. By reason of the failure of the appellant to give bond as provided in §12223-6, GC, within the time therein limited the appellant is not permitted to retry the facts.

The provision of §12223-4, GC, that "The appeal shall be deemed to be perfected when written notice of appeal shall be filed with the lower court, tribunal, officer or commission" applies generally to appeals on questions of law and questions of law and fact, while the provisions of §12223-6, GC, requiring the giving of a bond by the appellant in order to make the appeal effective as an appeal on questions of law and fact applies specifically to appeals on questions of law and fact.

"Where there are in one act or several contemporaneously passed specific provisions relating to a particular subject, they will govern in respect to that subject as against general provisions contained in the same acts." Lewis-Sutherland Statutory Construction, Second Edition, Volume 1, page 531.

Applying this rule of construction to the provisions of §§12223-4 and 12223-6, GC, it is clear that as to appeals on questions of law and fact the specific provisions of §12223-6, GC, relating thereto govern in respect to that subject as against the general provisions

contained in §12223-4, GC. Hence, notwithstanding the above mentioned provisions of §12223-4, GC, relating to appeals generally, the specific provisions of §12223-6, GC, that no appeal shall be effective as an appeal on questions of law and fact unless and until the order, judgment or decree appealed from is superseded by a bond in the amount and with the conditions hereinafter provided, and unless the said bond be filed at the time the notice of appeal is required to be filed govern appeals on questions of law and fact. Consequently an appeal on questions of law and fact is not taken in a case, within the meaning of §§12223-22 and 11564, GC, unless and until the provisions of §12223-6, GC, with reference to the giving of bond are complied with. As bond was not given in the case at bar in compliance with the terms of said section no appeal on questions of law and fact was taken, and no appeal on questions of law and fact having been taken the provisions of §§12223-22 and 11564, GC, which in terms are applicable "when an appeal on questions of law and fact is taken" are inapplicable and this court is without authority to fix the time for the preparation and settlement of a bill of exceptions as provided in §11564, GC.

There is a dicta contrary to this holding, in the case of Loos v W. & L. E. Ry. Co., 134 Oh St 321, referred to in the majority opinion, but an inspection of the decision of that case discloses that a bill of exceptions had been filed in that case in conformity with law and the case did not involve the question of fixing the time for the filing of a bill of exceptions, and consequently is not binding as a decision on the question involved in this case.

Sec. 12223-5, GC, provides that the failure to designate the type of hearing upon appeal shall not be jurisdictional, and that the notice of appeal may be amended by the appellate court in the furtherance of justice.

As above mentioned the inhibition contained in §12223-6, GC, is that no appeal shall be effective as an appeal upon questions of law and fact unless

and until the order, judgment or decree appealed from is superseded by a bond as therein provided.

Where the notice of appeal designates the appeal as an appeal on questions of law and fact this provision does not either expressly or impliedly inhibit the appeal from being effective as an appeal on questions of law, notwithstanding the fact that a bond is not given in conformity therewith.

This section is in pari materia with §12223-5, GC, which among other things provides that the failure to designate the type of hearing upon appeal shall not be jurisdictional and the notice of appeal may be amended by the appellate court in the furtherance of justice for good cause shown.

Considering these sections together it is clear that the failure to designate the type of hearing not being jurisdictional and the notice of appeal being amendable a notice of appeal on questions of law and fact may be amended so as to provide for an appeal on questions of law in cases where the appeal on questions of law and fact is not effective by reason of failure to give bond.

And as under the provision of §12223-5, GC, the failure to designate the type of hearing upon appeal shall not be jurisdictional, it would appear that the designation of the type of hearing upon appeal which does not become effective through failure to give bond is in effect a failure to designate the type of hearing upon appeal, and not being jurisdictional, should not preclude the appellant from the type of hearing on appeal which is effective without the giving of bond irrespective of whether the notice of appeal is amended.

While the appeal in the instant case by reason of the failure to give bond did not become effective as an appeal on questions of law and fact it is valid as an appeal on questions of law either with or without amendment. This being the case and the provisions of §§12223-22 and 11564, GC, being inapplicable for the reason above mentioned, and no bill of exceptions having been filed herein within the time prescribed by law this cause should be retained by the court as an appeal on questions of law for the consideration of such assignment of error as may be shown by the record without resort to a bill of exceptions.